**Susan Marie MOORE, Appellant (Defendant),**

v.

**Jerry Wayne MOORE, Appellee (Plaintiff).**

**No. 93–5.**

Supreme Court of Wyoming.

June 24, 1993.

James P. Castberg, Sheridan, for appellant.

Wayne R. Wilson of Michaels, Michaels & Wilson, Gillette, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

After remand in *Moore v. Moore (Moore I),* 809 P.2d 255 (Wyo.1991), the district

court ordered that it would "only hear testimony [and take] evidence with regard to the conduct of the parties after the Decree of Divorce on September 15, 1989 * * *." The court specified the order as final. Appellant, Susan Marie Moore, appeals from that order. We accept the appeal and affirm.

The issues as stated by appellant are: The trial Court erred in entering its Order Limiting The Scope of Accounting which provided:

1. The Court will only hear testimony and take evidence with regard to the conduct of the parties after the Decree of Divorce on September 15, 1989, and how such conduct has caused the Defendant to be deprived of property and thus not receive an equitable share of the marital estate.

2. The Court will not hear testimony or receive evidence as to any allegations regarding the property or debts existing prior to September 15, 1989.

The facts in this litigious case have been previously reported at *Moore v. Moore* (*Moore I*), 809 P.2d 255 (Wyo.1991); *Moore v. Moore* (*Moore II*), 809 P.2d 261 (Wyo. 1991); and *Moore v. Moore* (*Moore III*), 835 P.2d 1148 (Wyo.1992).

In *Moore I*, this court vacated a contempt citation against the wife and ordered an accounting of the property which had been divided by the divorce decree. *Moore I*, 809 P.2d at 261. As appellant points out in her brief, this court's opinion in *Moore II* actually is the prior case although published later. (We refer to the cases in the order they are reported.) This court's mandate in *Moore I* provides:

The order of the district court is reversed, and the case is remanded to that court with directions that it should vacate the citation of contempt against the wife, and require an accounting by the parties *of the property subject to division by the decree of divorce.* Because of a real possibility in this case that the failure of the parties to comply with the terms of the decree relating to the division of property may have resulted in the frustration of an equitable division of the property of the parties, the trial court, in the exercise of its equitable powers, is free to conduct such additional proceedings as it deems necessary to effectuate the divorce decree in a reasonable and equitable manner.

*Moore I*, 809 P.2d at 261 (emphasis added). The district judge conducted a pre-trial hearing for purposes of determining the extent and course of proceedings on remand.

At the hearing, a dispute arose over the language in *Moore I* which directed the remand. The wife's attorney indicated that he had questions about the parameters of the accounting hearing. The wife's counsel contended, based on language from *Moore I*, that in order to have a fair accounting and fulfill the original district judge's intention of a fair property settlement, the district court should order an accounting that would include relitigating items and issues that were heard, presented and decided by the court with entry of the divorce decree. It was claimed by Susan Moore that she did not actually receive a fair, equal distribution; that she did not receive all that had been granted her under the divorce decree; and that items that were listed as debt by the husband were not in fact debts.

The district judge ruled that the accounting should be limited to the period of time after entry of the divorce decree to the date of hearing. At the hearing, the district judge reasoned:

[W]hat I hear you saying is you want to go back now and modify the original divorce decree, and it may be possible to do that, but I think it has to be done, if at all, under Rule 60(b). And I think we have to keep the two things in context, and that is the second opinion of the Court was on that contempt citation, and I don't think to carte blanche to go back and change the decree. * * * [W]hat the Court said is all of these post-decree machinations of the parties may have rendered the original intent different, and the Court can adjust that to come back to the original intent. But I don't believe that that's grounds to go ahead and com-

pletely go back in and revisit the division of property.

We agree with the district court. It correctly read the mandate in *Moore I.* Our mandate left room for the district court to exercise discretion which it did properly. The district court has authority under our mandate to "exercise * * * its equitable powers" and "effectuate the divorce decree in a reasonable and equitable manner." If the wife did not receive what was intended and what was awarded her in the divorce decree, the court can provide for that as necessary.

Affirmed.

THOMAS, J., filed a concurring opinion.

THOMAS, Justice, concurring.

I have no quarrel with the resolution of the substantive issues in this case and agree with what is said. However, the order from which this appeal purportedly is taken is not an appealable order as defined in Wyo.R.App.P. 1.05 by any stretch of the most creative imagination. This court is entirely too permissive in entertaining this appeal and even appears to have delegated to the trial court and counsel the determination of what is an appealable order. Furthermore, in my judgment, the case should not have been accepted for review even if the claimed notice of appeal were treated as a petition for a writ of review. This case should have been dismissed.